IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION

LEWIS ANDERSON,                    )
                                   )
        APPELLANT,                 )
                                   )        No. 02-C-01-9702-CR-00078
                                   )
                                   )        Shelby County
v.                                 )
                                   )        Fred W. Axley, Judge
                                   )
                                   )        (Post-Conviction Relief)
STATE OF TENNESSEE,                )
                                   )
        APPELLEE.                  )


FOR THE APPELLANT:                      FOR THE APPELLEE:

Pamela Drewery                          John Knox Walkup
Attorney At Law                         Attorney General & Reporter
1008 West Forest                        500 Charlotte Avenue
Jackson, TN 38301                       Nashville, TN 37243-0497

                                        Clinton J. Morgan
                                        Counsel for the State
                                        Cordell Hull Building, Second Floor
                                        425 Fifth Avenue, North
                                        Nashville, TN 37243-0493

                                        William L. Gibbons
                                        District Attorney General
                                        201 Poplar Avenue, Suite 3-01
                                        Memphis, TN 38103

                                        Rhea Cliff
                                        Assistant District Attorney General
                                        201 Poplar Avenue, Suite 3-01
                                        Memphis, TN 38103


OPINION FILED:_____


APPEAL DISMISSED


Joe B. Jones, Presiding Judge

# OPINION

The appellant, Lewis Anderson (petitioner), appeals as of right from a judgment of the trial court summarily dismissing his second action for post-conviction relief. The trial court found that the petitioner's action was barred by the statute of limitations. The petitioner contends in this court that the trial court committed error by dismissing his initial action without an evidentiary hearing. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the appeal of the petitioner must be dismissed. Since the petitioner was convicted following the effective date of the Post-Conviction Procedure Act legislation in 1995, he is limited to one action for post-conviction relief. Consequently, he was not entitled to maintain this action. Moreover, this court cannot grant the petitioner appellate relief in an action he is not permitted to maintain. The trial court should have dismissed the action on this ground -- not the statute of limitations.

The petitioner entered guilty pleas to two counts of second degree murder. He was sentenced to serve forty (40) years in the Department of Correction as a Range II multiple offender for each offense. The judgment in each case was entered on June 23, 1995. He filed his first action for post-conviction relief on April 18, 1996. An order was entered on May 16, 1996, summarily dismissing the action. This, the second action, was commenced on December 9, 1996. The trial court entered an order on January 10, 1997 dismissing this action on the ground it was barred by the statute of limitations.

The petitioner may not resurrect the first petition through this action. He made no effort to appeal the first action after it was summarily dismissed. Thus, the judgment became final thirty days after the entry of the judgment.

The petitioner admits he entered the guilty pleas after May 10, 1995, the effective date of the 1995 revisions to the Post-Conviction Procedure Act. As a result, the petitioner was entitled to maintain only one post-conviction action. Tenn. Code Ann. § 40-30-202(c). Therefore, he was not entitled to file this second action. Once the judgment in the first action became final, the petitioner's remedy was to file a motion to reopen the first action. Tenn. Code Ann. § 40-30-217.

If we consider the petition in the present action a motion to reopen, the petition does not state sufficient grounds to support any of the reasons which justify the reopening of a prior post-conviction action.

3

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE